IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CASSIE RUSSELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:25-cv-00913 ) ) |
| WALMART, INC, f/k/a/ WAL-MART STORES, INC., FARBERWARE LICENSING COMPANY, LLC, and MIDEA AMERICA CORPORATION | ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Cassie Russell, by and through undersigned Counsel and hereby submits the following Complaint and Demand for Jury Trial against Defendants Walmart, Inc. f/k/a Wal-Mart Stores, Inc., (hereafter referred to as "Defendant Walmart"), Farberware Licensing Company, LLC (hereafter referred to as "Defendant Farberware"), and Midea America Corporation (hereafter referred to as "Defendant Midea") and alleges the following upon personal knowledge and belief:

## NATURE OF THE ACTION

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff who was injured by a Farberware 7-in-1 programmable pressure cooker (hereafter referred to as the "pressure cooker"), model number WM-CS6004W.

2. Defendant Walmart designs, manufactures, markets, imports, distributes and sells a wide range of consumer products, including the subject pressure cooker at issue in this case.

3. Defendant Farberware designs, manufactures, markets, imports, distributes, and sells a wide range of consumer products, including the subject pressure cooker at issue in this case.

1

4. Defendant Midea designs, manufactures, markets, imports, distributes, and sells a wide range of consumer products, including the subject pressure cooker at issue in this case.

5. On or about November 29, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly exploding off the pressure cooker's pot during the normal use of the pressure cooker causing scalding hot contents to be forcefully ejected from the pressure cooker onto Plaintiff.

6. As a direct and proximate result of Defendants' conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, and mental anguish.

7. Defendants knew or should have known about these defects but nevertheless put profits ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers disregarding the risk of significant injuries to Plaintiff and consumers like them.

**PARTIES**

8. Plaintiff Cassie Russell is a resident and citizen of Coosa County, Alabama and above the age of nineteen.

9. Defendant Walmart is incorporated in the State of Delaware. Defendant Walmart has a principal place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716, and does business in all fifty states. At all times relevant, Defendant Walmart substantially participated in the design, manufacture, marketing, distribution, and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

10. Defendant Farberware is a Delaware business organization with its principal place of business located at 300 First Avenue, Needham, Massachusetts 02494. Defendant Farberware designs, manufactures, markets, imports, distributes, and sells a variety of consumer products,

including the subject pressure cookers. At all times relevant, Defendant Farberware substantially participated in the design, manufacture, marketing, distribution, and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

11. Defendant Midea America Corp. is a Florida business organization with its principal place of business located at 4 Campus Drive, Parsippany, New Jersey 07054. Defendant Midea designs, manufactures, markets, imports, distributes, and sells a variety of consumer products, including the subject pressure cookers. At all relevant times, Defendant Midea substantially participated in the design, manufacture, marketing, distribution, and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction in accordance with 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity between the parties.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

14. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants have sufficient minimum contacts with the State of Alabama and intentionally avail themselves of the markets within the State of Alabama through the promotion, sale, marketing, and distribution of their products.

## FACTUAL BACKGROUND

15. Defendants are engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the pressure cookers at issue in this litigation.

16. Plaintiff and/or her friend, for Plaintiff's benefit, purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

17. On or about November 29, 2023, Plaintiff was using the pressure cooker designed, manufactured, marketed, imported, distributed, and sold by Defendants for its intended and reasonably foreseeable purpose of cooking.

18. After the cooking cycle had completed, Plaintiff put her hand on the lid of the pressure cooker and the pressure cooker's lid unexpectedly blew off the pot.  The contents of the pressure cooker were forcefully ejected out of the pot and onto Plaintiff causing severe, painful, and disfiguring burns.

19. Plaintiff used the pressure cooker for its intended purpose and did so in a manner that was reasonable and foreseeable by Defendant Walmart.

20. The aforementioned pressure cooker was defectively and negligently designed and manufactured by Defendant Walmart in that it failed to properly function as to prevent the lid from opening or being removed while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product, placing the Plaintiff and similar consumers in danger while using the pressure cookers.

21. Defendants' pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers.  Upon information and belief, Defendants did not conduct a hazard and/or risk analysis and did not conduct adequate testing and investigation to determine whether they presented an unreasonable risk of harm during the expected use of the product, prior to the sale and/or distribution of the pressure cooker.

22. Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from opening or being removed while pressurized.

23. As a direct and proximate result of Defendants' intentional concealment of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff unknowingly used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries.

24. Consequently, Plaintiff seeks damages resulting from the use of Defendant's pressure cooker as described above, which caused Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, and mental anguish.

## CAUSES OF ACTION

### COUNT I
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

25. Plaintiff incorporates paragraphs 1 through 24 as if fully set forth herein.

26. At all times mentioned herein, Defendants, and each of them, manufactured and/or supplied the pressure cookers, and prior to the time the pressure cooker was purchased for Plaintiff, Defendants impliedly warranted to Plaintiff that the pressure cooker was of merchantable quality and fit for the use for which they were intended.

27. Plaintiff relied on the skill and judgment of Defendants in selecting and using the pressure cooker.

28. The pressure cooker was unfit for its intended use and was not of merchantable quality, as warranted by Defendants, but instead contained defects. Specifically, and as a result of such defects, the pressure cooker prematurely opens thereby allowing scalding hot contents to explode onto consumers. These defects cause the pressure cooker to fail to perform when put to its intended use.

29. Defendants breached the implied warranty of merchantability, as the pressure cooker was not of merchantable quality due to the aforementioned defects.

30. As a direct and proximate result of the breach of said warranties, Plaintiff suffered losses and damages as alleged herein.

31. Plaintiff has complied with all obligations under the warranty, or is otherwise excused from performance of said obligations as a result of Defendants' conduct described herein.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

32. Plaintiff incorporates paragraphs 1 through 24 as if fully set forth herein.

33. At all relevant times, Defendants were in the business of selling the pressure cookers.

34. At all relevant times, Defendants, and each of them. had reason to know Plaintiff's particular purpose for using the pressure cooker.

35. At all relevant times, Defendants, and each of them, knew or had reason to know that Plaintiff and consumers were relying on their skill and judgment to select or furnish pressure cookers that were suitable for a relevant particular purpose.

36. Plaintiff relied on Defendants' skill or judgment to select or furnish suitable goods, thereby creating an implied warranty that the goods would be fit for such purpose.

37. The defective pressure cooker was not fit for these purposes, thereby causing injuries and damages to Plaintiff as alleged herein.

## COUNT III
## NEGLIGENCE/WANTONNESS: FAILURE TO WARN

38. Plaintiff incorporates paragraphs 1 through 24 as if fully set forth herein.

39. Defendants had a duty to notify Plaintiff of the defects in its product. Defendants had actual or constructive knowledge regarding the defects with the pressure cooker prior to Plaintiff's

use. It was foreseeable to Defendants and intended that the pressure cookers would be used in this manner.

40. Defendants breached their duty. Even after becoming aware of the defects with the pressure cookers, Defendants took no action to cure its breaches of duty to exercise ordinary care or warn Plaintiff or other consumers. Plaintiff would have read and heeded an adequate warning, if one was provided.

41. Defendants knew or should have known that the product users would not realize or know the dangers presented by the pressure cooker.

42. Defendants' breach of duty was negligent or reckless and wanton.

43. Because of Defendants' breach, Plaintiff was caused to suffer serious and permanent injuries

## COUNT IV
## NEGLIGENCE/WANTONNESS: DEFECTIVE DESIGN AND MANUFACTURE

44. Plaintiff incorporates paragraphs 1 through 24 as if fully set forth herein.

45. Defendants had a duty to exercise reasonable and ordinary care in the formulation, testing, design, manufacture, warranting and marketing of the pressure cooker in a manner that was free of defects such that the pressure cooker would perform as advertised and warranted when put to its intended, reasonable and foreseeable use.

46. Defendants breached their duty. The failure of the pressure cooker was caused by defective design, poor and improper workmanship and manufacture, negligence, and lack of reasonable and ordinary care by Defendants, acting through its duly authorized agents, servants and employees. Defendants failed to properly test and/or evaluate the pressure cooker to ensure that the pressure cooker was not defective and would not fail when used for its intended, reasonable and foreseeable purpose.

47.	Defendants had actual and/or constructive notice of their breaches. Defendants took no action to cure their breaches of duty to exercise ordinary care.

48.	As a direct and proximate result of Defendants' negligence or wantonness, Plaintiff has suffered injuries and damages as alleged herein.

## COUNT V
## STRICT LIABILITY: DESIGN DEFECT AND MANUFACTURING DEFECT PURSUANT TO THE ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE (AEMLD)

49.	Plaintiff incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

50.	Defendants designed, manufactured, distributed, marketed, promoted, supplied, sold or otherwise released the defective and unreasonably dangerous pressure cooker into the stream of commerce and to consumers, such as Plaintiff, and therefore had a duty to warn users of the known risks associated with the pressure cooker.

51.	Defendants were the manufacturers of the pressure cooker which was used by Plaintiff in substantially the same condition in which it was designed, manufactured, assembled, distributed, marketed and sold by Defendants.

52.	The pressure cooker was defective as it prematurely and explosively opens as a result of the defects in the design and manufacture. When Defendants were made aware of these problems by other consumers, they refused to correct, modify, and/or repair the defective product.

53.	The defects have caused physical harm to Plaintiff.

54.	The pressure cooker was being used as intended.

55.	The pressure cooker was unreasonably dangerous and defective and created an unreasonable risk of harm to ordinary consumers, such as Plaintiff.

56.	Defendants have a statutory duty pursuant to the AEMLD duty of care in designing and manufacturing the pressure cooker.

57. As a direct and proximate result of Defendants' negligence or wantonness, Plaintiff has suffered injuries and damages as alleged herein.

## COUNT VI
## PUNITIVE DAMAGES

58. Plaintiff hereby incorporates all preceding paragraphs.

59. Upon information and belief, Plaintiff alleges that Defendants have had knowledge that its pressure cooker was defective and unreasonably dangerous and was causing injuries to consumers before Plaintiff's pressure cooker was purchased and/or used.

60. The conduct of Defendants as alleged in this Complaint constitutes willful, wanton, gross, and outrageous corporate conduct that demonstrates a conscious disregard for the safety of the Plaintiff.

61. Defendants had actual knowledge of the dangers presented by the pressure cooker, yet consciously failed to act reasonably to:

   a. Inform or warn Plaintiff or the public at large of these dangers; to remove the pressure cooker from the inventory at retailers, including the retailer where Plaintiff's pressure cooker was purchased.

   b. Establish and maintain an adequately quality and post-market surveillance system.

62. Despite having knowledge of the unreasonably dangerous and defective nature of the pressure cooker, Defendants consciously disregarded the known and substantial risks of severe and permanent injury and continued to actively market and offer the pressure cooker for sale.

63. Plaintiff further alleges that Defendants acted in willful, wanton, gross, and total disregard for the health and safety of the users or consumers of the pressure cooker, acted to serve their out interests, including placing profits over safety, and consciously disregarded the substantial risk that their product might kill or significantly harm patients, or significantly injure the rights of others.

64.  As a result, Plaintiff is entitled to an award of punitive damages to punish Defendants and deter similar conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

1. For general (non-economic) damages according to proof at the time of trial, including pain and suffering;

2. For special (economic) damages according to proof at the time of trial, including payment of past and future medical expenses, lost wages and loss of income potential;

3. For punitive damages, sufficient to punish and deter Defendants;

4. For prejudgment interest as permitted by law;

5. For costs of suit incurred herein as permitted by law; and

6. For such other and further relief as this Court may deem proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Calle M. Mendenhall*
Calle Mendenhall (ASB-7985-W37E)
FARRIS RILEY & PITT, LLP
1728 Third Avenue North, Fifth Floor
Birmingham, Alabama 35203
Phone: (205) 324-1212
cmendenhall@frplegal.com